NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MARIO LUIS AGUILAR-AGUILAR, AKA Mario Aguilar, AKA Mario Luis Aguilar,<br><br>Petitioner,<br><br>v.<br><br>ROBERT M. WILKINSON, Acting Attorney General,<br><br>Respondent. | No.   15-71420<br><br>Agency No. A205-719-469<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2021**

Before:  GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Mario Luis Aguilar-Aguilar, a native and citizen of Guatemala, petitions pro

se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT").  We have

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that Aguilar-Aguilar failed to establish that the harm he suffered or fears in Guatemala was or would be on account of a protected ground. *See Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009) (rejecting petitioner's contention that he was persecuted on account of his political opinion or membership in a particular social group based on his refusal to join a gang); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Aguilar-Aguilar's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Aguilar-Aguilar failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime in petitioner's home country was insufficient to meet standard for CAT relief).

As stated in the court's July 30, 2015 order, the temporary stay of removal

15-71420

remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**